## LATTIMORE v. WILLIAMS, ET AL.

1. Where the claim of a creditor is not already barred by the general statute of non claim, at the time when the estate of his debtor is declared insolvent, he may file his claim at any time within six months after the declaration of insolvency, and it will not be affected by his omission to present it within eighteen months after grant of administration.

Error to the Orphans' Court of Montgomery.

THIS is a proceeding in the Orphans' Court, between a creditor of an estate and its executors, with reference to the liability of the estate, and the right of the creditor to come in for distribution. It is not stated that the proceedings are with reference to the insolvency of the estate, but this may be inferred, as otherwise the Court has no jurisdiction.

It appears that an issue was made up and submitted to a jury, which found for the defendant. On the trial, the creditor, Lattimore, proved the existence and loss of the note sought to be established as a claim ; that letters testamentary were granted about seventeen months before the estate was declared insolvent, during all which time there was no presentation of the claim. Afterwards, within six months from the time the estate was declared insolvent, but more than eighteen months from the grant of administration, the claim was filed in the clerk's office of the Orphans' Court of Montgomery county.

On this evidence, the Court charged the jury, that unless the claim in question was presented to the executors, or filed with the clerk, within eighteen months after the grant of administration it was barred by the statute, and the plaintiff could not recover. This was excepted to by the plaintiff, and is now assigned as error.

BELSER, for the plaintiff in error, cited Clay's Dig. 195, § 15.

ELMORE, contra.

Lattimore v. Williams.

GOLDTHWAITE, J.—The general scope and object of the act of 1843, providing for the settlement of insolvent estates, is to withdraw the estate from the control of the administrator, after the declaration of insolvency, and to permit the creditors between themselves to contest their several demands. It would therefore seem, that a presentation to the administrator, after this proceeding, would be entirely useless. The 14th section of the act is predicated on this idea, and provides, that when the estate has been declared insolvent, it shall be unnecessary to present the claims against it to the administrator; but that they may be filed with the clerk, without any such presentment: *Provided,* such claims are not [then] already barred by the statute of nonclaim. As the administrator, and other creditors of the estate, are permitted to contest the claims presented against the estate, when filed in the clerk's office, until the expiration of nine months from the period when the estate was declared insolvent; and as every claim *must be filed* within six months, from the same period, it would seem as if the introduction of the latter bar was intended to prevent the operation of the general statute of non-claim, if that had not attached when the estate was declared insolvent. In the recent case of Hollinger v. Holley, (at this term,) we held that the omission to file the claim within six months created an absolute bar. This being the necessary construction of the statute, it cannot, we think, be inferred that the intention was, that one creditor should be allowed a shorter or longer period than another to present his claim. The result of our reflections is, that the charge of the County Court cannot be sustained.

Judgment reversed and remanded.